CATALINA FERNÁNDEZ, Plaintiff and Appellant, v. JOSÉ REYES, Defendant and Appellee.

No. 3709. Argued November 5, 1925.—Decided December 10, 1925.

UNLAWFUL DETAINER—POSSESSION.—When the evidence shows that the plaintiff is in possession of a part of the property alleged to be held by the defendant the conflict must be determined in an ordinary action and not within the limits of an unlawful detainer proceeding.

District Court of Humacao, Pablo Berga, J. Judgment for the defendant in unlawful detainer. Affirmed.

Rafael Sancho Bonet for the appellant. Luis Mendín Sabat for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an unlawful detainer proceeding. The judgment appealed from dismissed the complaint because it was held that there was a conflict of titles that should be determined in an ordinary proceeding.

The plaintiff alleges that she is the owner of a rural property of 18 acres and that it is in the possession of the defendant at sufferance. The latter denied the allegations and alleged that the plaintiff was in possession of only a parcel of 7 acres and that he held as his exclusive property a farm of 26 acres which he recorded under dominion title proceedings in which the plaintiff was summoned as an adjoining owner.

The allegation of a defendant that he holds possession as owner has been held to be insufficient to bar the action of unlawful detainer (*Miranda* v. *Camerón et al.,* 19 P.R.R. 465), but when the evidence tends to show that the defendant in possession of the property has an apparent right to it, then the question of title is raised. *Rosado et al.* v. *Delgado et al.,* 29 P.R.R. 84.

The evidence showed that the plaintiff and the defendant had recorded in the registry of property under dominion title proceedings the respective properties described in the complaint and in the answer. From the proceedings brought in the name of the plaintiff it appears that there was an opposition claim to 9 acres made by Ramón Fernández. Although the opposition was dismissed, it results that an equal number of acres was sold by Fernández to the defendant and form a part of the property of 26 acres for which dominion title proceedings were approved in favor of the latter. However, the evidence does not throw sufficient light to warrant a conclusion that the same or different land is involved. What can only be said with certainty is that the plaintiff holds a part of the property alleged to be in the possession of the defendant. The situation could not be more complicated in this action, for it is not possible on the evidence submitted to arrive at a definite conclusion in regard to the rights of either party and their rights should be ventilated in an ordinary action, according to the repeated jurisprudence of this court.

For the foregoing reasons the judgment appealed from is affirmed.

Mr. Justice Wolf took no part in the decision of this case.